IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DAVID MAHER,

     Plaintiff,

vs.

                                     Case No. 18-2:18-mc-02834

URBAN COMPASS, INC. d/b/a/
COMPASS

        Defendant.

This document relates to:
Jessica Maher v. David Maher,
E.D.N.Y. Case No. 17-cv-0173

DECLARATION OF EMILY KIRSCH IN SUPPORT OF COMPASS' MEMORANDUM
OF LAW IN OPPOSITION TO DAVID MAHER'S MOTION TO COMPEL

**EMILY KIRSCH**, under penalty of perjury, pursuant to 28 U.S.C. §1746, declares as follows:

     1.     I am an attorney duly admitted to practice law in this district and am a partner in the law firm of KIRSCH & NIEHAUS PLLC. I make this declaration in support of Compass' Opposition to David Maher's Motion to Compel Compliance with the Subpoena. All of the below is within my personal knowledge except where otherwise indicated.

2.        Compass is a real estate brokerage firm with its headquarters at 90 Fifth Avenue in New York City. Jessica Vertullo-Maher is an independent contractor real estate agent who has been affiliated with Compass since December 2014.

3.        Upon information and belief, Ms. Vertullo-Maher is the plaintiff in the underlying action seeking damages arising out of an altercation with David Maher on December 3, 2015. It is further my understanding that there is also divorce litigation pending between Ms. Vertullo-Maher and David Maher.

4.        On June 28, 2018, David Maher served a subpoena (the "Subpoena") upon Compass. In-house counsel for Compass was in contact with counsel for Mr. Maher who explained that the purpose and relevance of the Subpoena was to discover to what extent, if any, Ms. Vertullo-Maher was working in the wake of the altercation by learning how much compensation she earned and how active she was managing listings in her real estate business.

5.        On August 27, 2018, pursuant to a mutually acceptable confidentiality order executed by the parties, Compass produced to Mr. Maher what it believed in good faith would be satisfactory for Mr. Maher's purposes. Specifically, Compass produced documents reflecting the compensation paid to Ms. Vertullo-Maher and listings under Ms. Vertullo-Maher's control from December 1, 2014 to the present which were responsive to requests 3-4 of the Subpoena.

6.        Shortly thereafter, counsel for Mr. Maher demanded that Compass also produce all additional material responsive to the Remaining Requests, specifically: ***Request No. 5:*** Any documents including but not limited to emails, correspondence and notes, reflecting communications between Jessica Vertullo-Maher and third parties concerning potential listings or sales for the period December 1, 2014 to the present; ***Request No. 6:*** Any documents, including but not limited to emails, correspondence and notes, reflecting communications between Jessica

Vertullo-Maher between Ms. Vertullo-Maher and David Maher for the period December 1, 2014 to the present; and **Request No. 7:** Any documents, including but not limited to emails, correspondence and notes, reflecting communications between Jessica Vertullo-Maher concerning David Maher or any litigation with David Maher.

7.    Timothea Letson, in-house counsel for Compass, informed counsel for Mr. Maher that these additional requests were inappropriate as they call for Ms. Vertullo-Maher's own documents to which she has full control as an independent contractor, are more properly obtained from the party to the litigation. Counsel for Mr. Maher disagreed, but refused to engage in a discussion to narrow the scope.

8.    Instead, Mr. Maher filed this motion to compel.

9.    Compass had no choice but to retain outside counsel. I immediately reached out to Mr. Maher's counsel. I too was told that the purpose and relevance of the Subpoena was to determine whether and how much Ms. Vertullo-Maher was able to work in the wake of the Decemeber 3, 2015 altercation. I agreed to review the matter and provide a substantive response by October 26, 2018, which I did.

10.    I presented the legal and factual position of Compass in writing that it had complied with the Subpoena and why we believed that to be true. A true and correct copy of my October 26, 2018 letter to Kathy Marks is attached hereto as Exhibit A. Kathy Marks responded with a letter setting forth that she apparently had hoped my substantive response would simply be to produce all information called for by the Subpoena. A true and correct copy of Ms. Marks' October 29, 2018 letter to me is attached hereto as Exhibit B.

11.    I responded that despite our position that we had fulfilled our legal obligation, Compass was willing to engage in further discussions about additional productions if Mr. Maher would try to target and narrow the scope of the Remaining Requests. A true and

correct copy of my October 30, 2018 e-mail to Ms. Marks offering dialogue to narrow the scope

of the Remaining Requests is attached hereto as Exhibit C. Ms. Marks never responded to me.


Dated: November 20, 2018
      New York, New York


_____
Emily Bab Kirsch

EXHIBIT A

## KIRSCH & NIEHAUS

**EMILY KIRSCH**
150 E. 58TH STREET 22ND FLOOR
NEW YORK, NY 10155
**O** (212) 832-0170
**M** (917) 744-2888
EMILY.KIRSCH@KIRSCHNIEHAUS.COM
KIRSCHNIEHAUS.COM

October 26, 2018

Ms. Kathy Marks
Yankwitt, LLP
140 Grand Street, Suite 705
White Plains, New York, 10601

Re: *Maher v Maher*, Case No. 2:17-cv-00173-ADS-ARL, EDNY

Dear Ms. Marks:

This firm represents Urban Compass, Inc. d/b/a/ Compass ("Compass") in connection with the June 28, 2018 subpoena served upon it in the matter of *Maher vs. Maher*, currently pending in the District Court for the Eastern District of New York, 2:17-cv-00173 (the "Subpoena").[1] In accordance with our agreement, this letter sets forth Compass' position. Also as part of that agreement, you have agreed to adjourn the response date for your motion to compel compliance with the Subpoena, served on October 9, 2018.

**Compass Has Complied with the Subpoena.**

As you know, on August 27, 2018, Compass made a substantial production to the Subpoena in good faith upon Compass' belief that the documents produced would satisfy the legitimate interest of Mr. Maher. That understanding was based on representations made by you to Timothea Letson, in-house counsel at Compass, reiterated last week to me. You represented that the purpose of the Subpoena is for Mr. Maher to obtain evidence tending to prove or disprove Jessica Vertullo-Maher's claim that she was unable to work in the wake of a December 3, 2015 altercation with her husband. To address this need, Compass produced responsive documents comprised of copies of all (1) the listing agreements managed by Ms. Vertullo and (2) the information regarding her commissions and compensation, together which conclusively establish the substantive result of the work that Ms. Vertullo did or did not do both before and after the alleged altercation. This production was made subject to a Confidentiality Agreement given its sensitive nature.

---

[1] The Subpoena was served upon Compass in Manhattan and as such, a miscellaneous action was initiated in the Southern District of New York, Maher v. Compass, 7:18-mc-00466, for the purpose of filing your motion to compel.

# KIRSCH & NIEHAUS

**Objections to the Subpoena.**

Insofar as there appears to be a misunderstanding with respect to what would satisfy Mr. Maher's needs from a non-party, Compass further objects to the Subpoena on the grounds that the Subpoena:

- seeks irrelevant information;
- requires disclosure of privileged or otherwise protected information;
- subjects Compass to undue burden and expense;
- requires disclosure of trade secrets and/or confidential or proprietary business information;
- contains requests that are so vague and ambiguous that is unreasonable or impossible for Compass to comply;
- is impermissibly overbroad;
- contains requests for documents more easily obtained from the parties or already in the possession of the parties to the underling litigation.

We understand that you take the position that these objections have been waived but we disagree. The absence of written objections within the prescribed 14 days does not preclude consideration where (1) the Subpoena is overbroad on its face and 'exceeds the bounds of fair discovery'; (2) the Subpoenaed witness is a non-party acting in good faith; and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the Subpoena. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, Case No. Misc. 08-347 (ARR)(MDG), 2010 WL 2219343, (E.D.N.Y. Feb. 5, 2010); *Concord Boat Corp. v. Brunswick corp.*, Case No. M-8-85, 169 F.R.D. 44, 48 (S.D.N.Y., October 21, 1996) (collecting cases). Compass was in contact with you and operated under the good faith belief that its substantial production would satisfy the Subpoena in its entirety. Mr. Maher's need for more is puzzling. The Subpoena is wildly overbroad and unduly burdensome on its face. Some non-exhaustive examples follow.

**The Subpoena is Overbroad and Seeks Irrelevant Information.**

On its face, the time period requested – *the entirety of Ms. Vertullo's affiliation with Compass* – is unreasonably overbroad given that that alleged altercation did not occur until over a year after her start date. In the 4 year period requested by the Subpoena, Ms. Vertullo has approximately 224,106 e-mails on her Compass account, comprising more than 15 GB of data. **Request Number 5** which seeks "Any documents, including but not limited to emails, correspondence, and notes, reflecting communications between Jessica Vertullo-Maher and third parties concerning potential listings or sales for the period December 1, 2014 to the present," is a perfect example of the wild overbreadth and burdensome nature of the Subpoena. This Request in fact seeks

*virtually every work-related email that Ms. Vertullo ever sent or received since the inception of her affiliation with Compass.* This request is not crafted with particularity to target relevant evidence or to minimize the burden on a non-party.

### The Subpoena Seeks Trade Secret and Confidential and Proprietary Information Which is Irrelevant.

In addition to the simple overbreadth, **Request No. 5** also encompasses all sorts of competitive bids for listings which is among the most sensitive trade secret information of Compass and its own clients and customers. Although we have entered into a Confidentiality Agreement, this is not a case where Mr. Maher has any incentive to protect this information and good cause need be shown for why it is critical to his defense. Compass would not deem such information adequately protected by the existing confidentiality agreement. This information is, in fact, it is utterly irrelevant to Mr. Maher's defense.

### The Subpoena Seeks Privileged Information.

**Request No. 7** which seeks: "Any documents, including but not limited to emails, correspondence, and notes, reflecting communications to or from Jessica Vertullo-Maher concerning David Maher or any litigation with David Maher," is similarly unreasonable. To the extent there are responsive documents, they are likely to be predominantly privileged.[2] The burden on non-party Compass to undertake a coordinated review with Ms. Vertullo 's counsel to determine what is privileged, and to prepare a detailed privilege log and redactions, responsive to this request, is baffling. Indeed it smacks more of harassment and a fishing expedition than of a legitimate request for evidence. Not only does the burden posed by these requests surely outweigh any value to the litigation, but the entire balance must be viewed in light of the fact that this material is more easily obtained from the parties (Ms. Vertullo) and there is no need to seek to involve non-party Compass in the first place.

Mr. Maher has not complied with Fed. R. Civ. P. 45(d)(1) by taking "reasonable steps to avoid imposing undue burden or expense on a person subject to a Subpoena" either in the drafting of the Subpoena in the first place or in the rush to court to enforce that portion of the Subpoena that is clearly beyond the bounds of reasonableness, particularly against a cooperating witness. Fed. R. Civ. P. 45(d)(1). In light of the above, this Subpoena plainly poses an undue burden on Compass when considering "such factors as relevance, the need of the party of the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Koch v. Pechota*, No. 10 Civ. 9152, 2013 WL

---

[2] It is my understanding that there are divorce proceedings as well as the instant action adding more complexity to the potential privilege issues.

3892827, (S.D.N.Y. July 25, 2013). Mr. Maher has not and cannot meet his burden to demonstrate that the information he seeks is "relevant and material to the allegations and claims at issue in the proceedings. *Id.; Night Hawk, Ltd. v. Briarpatch Ltd.*, L.P. No. 03-1382, 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003).

It bears repeating that the documents you seek (well over 200,000 e-mails) are all within the possession custody or control of the parties and that discovery through the parties should be the first avenue to obtain the material you need. I also note, in case it was not made clear to you previously, that Ms. Vertullo is an independent contractor with Compass and not an employee. For this reason, no "employee file" as sought in **Request No. 1** exists. Moreover, she maintains more control of her documents than perhaps you may have realized.

For the reasons stated above, Compass has complied in full and timely with all reasonable portions of the Subpoena. Please reach out to me directly if you have any further concerns regarding the above.


Sincerely,


Emily Kirsch

# EXHIBIT B



Russell M. Yankwitt
Kathy S. Marks
Dina L. Hamerman
*George C. Godfrey

Cassandra M. Vogel
Alicia A. Tallbe
Craig M. Cepler

*Admitted NJ only

October 29, 2018

**By E-Mail**

Emily Kirsch
Kirsch & Niehaus
150 E. 58th Street, 22nd Floor
New York, New York 10155
Emily.Kirsch@Kirschneihaus.com

    Re:   *Maher v. Maher*, 17 Civ. 0173 (EDNY)
          *Maher v. Compass*; 18-mc-02834 (ARL) (EDNY)

Dear Ms. Kirsch:

    I was surprised and disappointed to receive your letter dated October 26, 2018, in which you stated that Compass has complied "in full" with the subpoena served upon Compass on June 28, 2018. Compass' position is not only untenable as a matter of law, its concomitant refusal to discuss production of any emails whatsoever is simply inconsistent with our telephone conversation on October 17, 2018, in which you indicated a willingness to discuss a further production, as well as your October 18, 2018 letter to the Court in which you suggested that it was "the parties' hope that the motion will become moot."

    As it is now clear that judicial intervention is required, please file your opposition to Mr. Maher's motion no later than Thursday, November 1, 2018, or we will request that the Court set an immediate deadline.

                    Very truly yours,

                    YANKWITT LLP

                    By:              
                        Kathy S. Marks

KSM/ng

cc: Jeffrey Aronsky, Esq. (by email: jaronsky@aronskylaw.net)

# EXHIBIT C

| | |
|---|---|
| **From:** | emily.kirsch@kirschniehaus.com |
| **Sent:** | Tuesday, October 30, 2018 8:54 PM |
| **To:** | 'Nicole Gioia' |
| **Cc:** | 'Jeffrey Aronsky'; 'Kathy Marks' |
| **Subject:** | RE: Maher v. Compass |

Dear Kathy:

Consistent with our phone call in which I promised a substantive response by October 26, I reviewed the matter carefully and provided Compass' position with respect to your Subpoena as drafted. Compass is in full compliance with any reasonable interpretation of the Subpoena.

If you have some reasonable limitation that would provide what you need, I am happy to hear your proposal and discuss it. On our phone call you indicated that you are looking for all Ms. Vertullo's emails to show whether "she was working or not," just as the Subpoena appears to call for. If you have a proposal of a narrowed search term or date range, I will review it with the client. But a request as broad as all her emails "about work" during a four year period is not reasonable. Particularly when you still have given no reason why you cannot obtain this information from the party to the litigation who has full control over her own emails.

We are not prepared to brief an opposition to your motion by Thursday and do not agree. Our agreement from last week stated that we would jointly agree to a return date, not that you would unilaterally impose a deadline, let alone an unreasonable 48 hour one.

Please call me at your convenience if you would like to propose a narrowing of your Subpoena that we can work with or if you would like to discuss a reasonable briefing schedule for your motion.

Emily

**Emily Bab Kirsch**
**KIRSCH & NIEHAUS**
**O:** 212-832-0170
**M:** 917-744-2888

---

**From:** Nicole Gioia <Nicole@yankwitt.com>
**Sent:** Monday, October 29, 2018 2:44 PM
**To:** emily.kirsch@kirschniehaus.com
**Cc:** Jeffrey Aronsky <JAronsky@aronskylaw.net>; Kathy Marks <Kathy@yankwitt.com>
**Subject:** Maher v. Compass

Counsel,

Please see the attached correspondence.

Thank you,



1

Nicole Gioia
*Paralegal*
140 Grand Street · Suite 705
White Plains · New York · 10601
914.686.1500 phone
914.801.5930 fax
www.yankwitt.com